**\*\* E-filed August 16, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUNK-O INVESTMENT CORP., | No. C12-04281 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| v. | |
| SHERVIN JAVADI; ET AL., | **REPORT AND RECOMMENDATION** |
| Defendants. | **[Re: Docket No. 1]** |

## INTRODUCTION

On August 14, 2012, defendant Shervin Javadi ("Javadi") removed this unlawful detainer action from Santa Clara County Superior Court. Dkt. No. 1 ("Notice of Removal"). Javadi has applied to proceed *in forma pauperis*. Dkt. No. 4. For the reasons stated below, the undersigned ORDERS that this case be reassigned to a district judge, and RECOMMENDS *sua sponte* that this action be summarily remanded to state court and that plaintiff's application to proceed *in forma pauperis* be denied.

## DISCUSSION

Plaintiff Sunk-O Investment Corp. ("Sunk-O") filed this unlawful detainer action against Shervin Javadi, Rosa Chang, and Does 1-5 on June 26, 2012 in Santa Clara County Superior Court. Notice of Removal, Exh. A ("Complaint"). According to the complaint, plaintiff acquired the subject property, a Monte Sereno, CA residence, through a foreclosure trustee's sale on June 11,

2012 in accordance with California Civil Code section 2924. Complaint ¶ 3. On June 21, 2012, 2012, plaintiff served defendants with a three-day Notice to Quit. Complaint, Exh. 2.[1]

Removal to federal court is proper where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Ordinarily, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Javadi asserts that removal is proper based on federal question and diversity jurisdiction. See Notice of Removal ¶ 10. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Alternatively, the complaint may establish that the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Discovery Bank, 129 S. Ct. at 1272.

---

[1] Attached to defendants' Notice of Removal is what may be an incomplete state court complaint, consisting of the first page of the complaint, followed by a verification page signed by an agent of the plaintiff Sunk-O, a copy of the Trustee's Deed Upon Sale, a copy of the Notice to Quit, and two copies of a state court form for prejudgment claim of right to possession. See Complaint. From the presence of a prejudgment claim of right to possession, the court can infer that defendants did not vacate the premises. However, the court notes that it has not been presented with an allegation that defendants failed to quit the subject property.

Javadi contends that because he filed a demurrer to the state court complaint that raised a federal statute, "federal question jurisdiction exists." Notice of Removal ¶ 7-10. This assertion is an incorrect statement of the law, as the defendant's attempt to raise a federal defense in a demurrer does not create original federal jurisdiction for removal purposes. Plaintiff's complaint alleges only a cause of action for unlawful detainer under California law; it does not allege any federal claims whatsoever. See Complaint. Moreover, resolving plaintiff's unlawful detainer claim does not depend on resolution of any substantial issues of federal law. Accordingly, Javadi has failed to show that this action arises under federal law.

Neither is there diversity jurisdiction over this action. Federal subject-matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a).[2] Neither the complaint nor the Notice of Removal sets forth plaintiff's citizenship. Defendants appear to be California citizens, based on their alleged refusal to vacate the subject property. Even assuming that Sunk-O is a citizen of another state, mere diversity of the parties will not suffice to create diversity jurisdiction where the amount in controversy does not exceed $75,000. In this matter, plaintiff's complaint expressly states that the amount in controversy is less than $10,000. Complaint p. 1. Therefore, there is no basis for this court to exercise jurisdiction based either upon a federal question or diversity.

Because the court concludes that federal subject matter jurisdiction is lacking, it also recommends denial of plaintiff's application to proceed *in forma pauperis*. A district court may deny *in forma pauperis* status and dismiss a complaint if it is frivolous. See 28 U.S.C. § 1915(d). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989). Where a complaint fails to state "any

---

[2] Additionally, the "forum defendant rule" ordinarily imposes a limitation on actions removed pursuant to diversity jurisdiction: [a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest . . . is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b); see Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004). However, the Ninth Circuit has held this rule to be procedural and a waivable defect in the removal process, and a court acting *sua sponte* may not base its decision to remand solely upon such a defect. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 935-36 (9th Cir. 2006).

1 constitutional or statutory right that was violated, nor asserts any basis for federal subject matter
2 jurisdiction," there is no "arguable basis in law" under Neitzke and the court on its own initiative
3 may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato
4 v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). Pro se complaints are to be construed liberally.
5 Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). As stated above,
6 defendant has failed to raise any basis for federal subject matter jurisdiction. Therefore, the
7 complaint states no arguable basis in law, and denial of the application is warranted.

## CONCLUSION

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court judge. The undersigned further RECOMMENDS that the newly assigned judge deny the application to proceed *in forma pauperis* and summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: August 16, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C12-04281 HRL Notice will be electronically mailed to:**

Danial Paris          parislaw1@msn.com

**Notice will be mailed to:**

Shervin Javadi
1124 Garber Place
San Jose, CA 95127

Rosa Chang
1124 Garber Place
San Jose, CA 95127

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**